IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KURYAKYN HOLDINGS, INCORPORATED,

                    Plaintiff,

v.

DAVID C. ABBE d/b/a JUST IN TIME DISTRIBUTION COMPANY,

                    Defendant and Counterclaimant,

v.

KURYAKYN HOLDINGS, INCORPORATED,
MOTORSPORT AFTERMARKET GROUP, INC.
TOM RUDD and TOM ELLSWORTH,

                  Counterclaim Defendants.

OPINION & ORDER

09-cv-702-wmc

---

      Defendant and cross-claimant David C. Abbe filed two motions in limine which are fully briefed. More recently, plaintiff and counterclaim defendant Kuryakyn Holdings, Inc. ("KHI") and counterclaim defendants Motorsport Aftermarket Group, Inc., Tom Rudd and Tom Ellsworth filed their own motions in limine, challenging three areas of testimony by Mr. Abbe. The defendant turned around a response to these motions in one day, making these motions also ready for ruling. For the reasons expressed in open court yesterday and that follow, defendant's motions will be denied without prejudice to their renewal before the deadline for motions in limine prior to trial. The court will grant the motions of plaintiff's and counterclaim defendants' in part, but will not preclude Mr. Abbe from testifying from his own knowledge as to relevant, factual information within his personal knowledge.

1

I.   Defendant's Motions in Limine

A.  Report and Testimony of Expert Palmer

In the first motion (dkt. #147), Abbe seeks an order excluding the report and testimony of Kuryakyn's expert Brad Palmer pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).  Abbe posits several challenges to Palmer, all of which the court reject as a basis for striking his report and testimony.  *First*, Abbe challenges Palmer's qualifications, noting his masters in engineering -- two, actually, one in electrical and one in mechanical -- but bemoaning his lack of a Ph.D.  Abbe does not offer any support, nor can the court find any bright-line requirement, that an expert must have a Ph.D.  The court finds Palmer's education and experiences sufficient to find him qualified to offer testimony on the design differences between Kuryakyn's products pre- and post-renumbering.

*Second*, Abbe challenges the relevance and helpfulness of his ultimate opinion that the renumbered product offerings are different than the designs in the product offerings prior to renumbering.  Abbe argues that Palmer's framing of this issue is different than that actually at stake, which is whether Kuryakyn "used" Abbe's designs in the renumbered product offerings.  This distinction may or may not be one with a real difference.  As Kuryakyn points out, Abbe has used the same language for which he faults Palmer in his own allegations.  (Pl's Opp'n (dkt. #168) 8.)  If Palmer opines that a particular product, post-renumbering, is different from the product pre-renumbering based on something other than "design," Abbe is free to cross-examine Palmer as to this

opinion and so argue. But Abbe's criticism of Palmer appears to go more to the weight the jury should assign Palmer's opinion, not to a basis for striking it.

*Third*, Abbe launches a challenge to Palmer's methodology, arguing that it is not based on sufficient facts. Palmer examined each product and his report contains detailed explanations of the differences between the products pre- and post-renumbering and the reasons for the differences. (Pl.'s Opp'n (dkt. #168) 14 (citing Palmer Report (dkt. #157) 7.) Abbe does not offer other types of analysis which Palmer should have conducted before rendering his opinion. To the extent Abbe believes Palmer's analysis is thin, he may also challenge this on cross-examination, but it is not a basis for striking Palmer's report.

Relatedly, Abbe also argues that Palmer's review of products is too limited; he should have considered all of Abbe's hundreds of original designs, rather than the 56 products of which Palmer offered testimony. This argument escapes the court since it is Abbe's own allegation that Kuryakyn renumbered those 56 products, containing Abbe's design.

### B. Violations of 1998 Agreement

In his second motion (dkt. #148), Abbe seeks to bar any argument or evidence that Abbe violated the 1998 agreement by working for Harley-Davidson. In the motion, Abbe's only basis for the motion appears to be that he testified in his discovery deposition that he never failed to offer "rights of first refusal to [Kuryakyn] for independently [Just In Time]-conceived and developed [Just In Time] Motorcycle Accessory designs on a 'case by case' basis," as required by the 1998 agreement. (Abbe's

3

MIL (dkt. #148).)  In his reply, Abbe also argues that the right of first refusal does not constitute a non-compete and, therefore, his work for Harley-Davidson is immaterial and prejudicial to his defense of Kuryakyn's breach of contract claims.

While the meaning of "independently" is not clear from the contract, the court agrees with Kuryakyn that Abbe's work with Harley-Davidson may be relevant to whether Abbe breached this provision of the 1998 agreement.  Abbe's denial of a breach is also not a sufficient basis to deny this category of evidence outright.  Accordingly, the court will not preclude evidence and argument as to Abbe's work with Harley-Davidson, but will entertain specific challenges if the proposed evidence is not relevant, cumulative, or somehow unfairly prejudicial.

## II.     Plaintiff's and Counterclaim Defendants' Motions in Limine

Plaintiff and counterclaim defendants move to preclude Abbe from providing expert testimony regarding damages.  The court will grant this motion in part to the extent that Abbe may testify only from his own knowledge and experience not from statements or opinions of his retained expert.

Plaintiff and counterclaim defendants also move to exclude Abbe from testifying regarding a "new damages theory disclosed after the summary judgment deadline."  This motion will be denied.  *First*, the summary judgment deadline of June 28, 2013, has little to do with the parties' ability to amplify their claims or proof of damages through expert testimony unless *that* deadline has also passed.  Here, there appears to have been no express deadline for disclosure of experts.  Originally, the court left this deadline "**To be**

4

**Decided by the Parties**." (Prelim. Pretrial Conf. Order (dkt. # 24) 1 (bold in original).) To the court's knowledge, the parties have not reached a mutual agreement as to a deadline to disclose experts, meaning that the default of ninety days before trial (or August 18, 2013) is the applicable deadline for expert disclosures. Fed. R. Civ. P. 26(a)(2)(D).[1]

*Second*, even if the expert disclosure was untimely, it has no bearing on what Abbe may or may not testify about. As previously explained, Abbe is not in a position to adopt or otherwise testify about any such report. He may only testify from his own knowledge of damages, which based on his answers during the deposition appears to be quite limited.

Finally, plaintiff and counterclaim defendants seek to preclude Abbe from providing expert testimony regarding liability. Principally, they assert that Abbe cannot opine in conclusory fashion that KHI simply renumbered 56 products that are "identical in form, function and appearance" to the originals designed and developed by Abbe pursuant to the parties' agreement. In his deposition, Abbe concedes that he has not actually studied any of these 56 products to confirm his opinion. Absent an adequate foundation for his opinion, this motion would appear well founded, but the court will not prejudge whether some other basis may exist to support Abbe's opinion until hearing his

---

[1] This does not mean that there are no consequences to non-disclosure of damage theories and supporting evidence required by Fed. R. Civ. P. 26(a)(1)(A) and responses to earlier interrogatories. Similarly, if the parties had agreed on an earlier expert disclosure date, this might preclude introduction of the expert's testimony at trial. The court also notes that this case was originally set for trial in January 2011, which would make plaintiff's disclosure of its technical expert Brad Palmer's report in November 2010, less than 90 days before the original trial date.

direct testimony on the subject. For example, Abbe's Declaration in Opposition to KHI's Motion for Summary Judgment refers to KHI's specific claims to patent protection from some of these products, which patents were issued to Abbe and signed over to KHI. Similarly, Abbe maintains that the features touted for many of the products arise out of the use of Abbe's designs.

ORDER

IT IS ORDERED that:

1) defendant's motions to exclude the report and testimony of Kuryakyn's expert Brad Palmer (dkt. #147) and to bar argument or evidence that Abbe violated the 1998 agreement by working for Harley Davidson (dkt. #148) are DENIED; and

2) plaintiff's and counterclaim defendants' motions in limine as to the trial testimony of David Abbe (dkt. ##171, 173, 176) are (a) GRANTED IN PART to the extent that Abbe may not testify except as to matters known by himself personally and as to opinions for which a sufficient foundation has been laid and (b) otherwise DENIED.

Entered this 10th day of July, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge