IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KURYAKYN HOLDINGS, INCORPORATED,

                Plaintiff,

v.
                                                                    ORDER

JUST IN TIME DISTRIBUTION COMPANY,
DAVID C. ABBE,

                Defendants,                             09-cv-702-wmc

    and

DAVID C. ABBE,

                Counterclaimant,

v.

KURYAKYN HOLDINGS, INCORPORATED,
MOTORSPORT AFTERMARKET GROUP, INC.,
TOM RUDD, and TOM ELLSWORTH,

                Counterclaim Defendants.

---

The court is in receipt of two related motions of counterclaimant David C. Abbe's. In the first motion, Abbe moves the court to reconsider and/or alter its order excluding Exhibit 58 and testimony about Exhibit 58 from trial. (Dkt. #191.) In the second motion, Abbe seeks to compel discovery from counterclaim defendants Kuryakyn Holdings, Incorporated, Motorsport Aftermarket Group, Inc., Tom Rudd and Tom Ellsworth (collectively "Kuryakyn"), which Kuryakyn is allegedly withholding because of the court's order excluding Exhibit 58. (Dkt. #192.) The court will deny Abbe's motion to reconsider but will grant his motion to compel.

Abbe offers no new basis for revisiting this court's decision to exclude Exhibit 58 and related testimony. As explained during Abbe's trial testimony, Exhibit 58 "is purely a summary of conclusory statements by [Abbe] and insufficient foundation has been laid for its admission." (7/10/23 Tr. (dkt. #187) 74:22-24.) To allow its admission or testimony premised on this list of 136 Kuryakyn products would allow a jury to speculate that these products use Abbe's design without any "underlying bases" for such a conclusion. (*Id.* at 75:12-16.) Abbe's argument in his motion that counterclaims 3 through 5 do not specifically reference the 56 renumbered products, and therefore concern the broader list of products in Exhibit 58, has no bearing on the court's earlier ruling. To demonstrate liability as to counterclaims 3 through 5 (breach of contract, unjust enrichment and accounting), Abbe must provide admissible evidence that specific Kuryakyn products used his designs without paying him a royalty. The only evidence Abbe has proffered to date meeting this standard is (1) Exhibit 57 containing the 56 renumbered products and (2) the list of products marked with Abbe's patent numbers.

As for Abbe's motion to compel, the court will grant the relief requested in two respects. First, the court will compel the production of sales data for all products for which Kuryakyn previously paid Abbe a royalty. The ultimate admissibility of such evidence can await another day. For now, Abbe has demonstrated that this discovery is "relevant to the subject matter involved in this action" and "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Second, the court will compel Kuryakyn's responses to interrogatory numbers 26 and 27. While Abbe should have sought leave of court before serving interrogatories exceeding

the number provided in Rule 33(a)(1), two additional interrogatories hardly offend the provisions of Rule 26(b)(2).[1] Kuryakyn should produce the required sales data and answer these interrogatories on or before August 23, 2013.

Unrelated to the present motions, the court has reviewed Kuryakyn's reply in support of its proposed findings of facts. (Dkt. #189.) The reply fails to comply with the court's procedure to be followed on summary judgment. (*See* PPTCO (dkt. #24) p.14 at III.A.1.) Accordingly, the reply is stricken. Kuryakyn has until August 23, 2013, to submit a reply to its proposed findings of facts which complies with the requirements set forth in the preliminary pretrial conference order.

## ORDER

IT IS ORDERED that:

1) Counterclaimant David C. Abbe's motion for reconsideration (dkt. #191) is DENIED;

2) Abbe's motion to compel and/or advance discovery (dkt. #192) is GRANTED. Counterclaim defendants shall (a) produce sales data for all products for which Abbe has received royalty payments and (b) answer interrogatory numbers 26 and 27 on or before August 23, 2013; and

---

[1] Abbe hints in his motion for reconsideration that Kuryakyn has refused to produce sales data for those products which are covered by Abbe's patents. (Abbe's Mot. to Reconsider (dkt. #191) 2.) Abbe, however, does not move to compel this data, and Kuryakyn maintains that it *has* indeed produced the requested sales data for those products. (*See* Kuryakyn's Opp'n to Mot. to Compel (dkt. #194) 4 (citing Affidavit of Constance K. White, Exs. 1, 2 (dkt. ##195-1, 195-2).)

3) Counterclaimant defendants' reply in support of their proposed findings of facts (dkt. #189) is STRUCK.  Counterclaim defendants may file a reply which comports with this court's procedures on or before August 23, 2013.

Entered this 16th day of August, 2013.

>BY THE COURT:
>
>/s/
>
>_____
>WILLIAM M. CONLEY
>District Judge