IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KURYAKYN HOLDINGS, INCORPORATED,

        Plaintiff,

v.

JUST IN TIME DISTRIBUTION COMPANY,         OPINION AND ORDER
and DAVID C. ABBE,

        Defendants,         09-cv-702-wmc

DAVID C. ABBE,

        Counterclaimant,

v.

KURYAKYN HOLDINGS, INCORPORATED,
MOTORSPORT AFTERMARKET GROUP, INC.,
TOM RUDD, and TOM ELLSWORTH,

        Counterclaim Defendants.

---

Before the court are two motions to compel by defendant and counterclaimant David C. Abbe. In the first motion, Abbe seeks an order deeming certain of plaintiff's denials to Abbe's requests to admit to constitute admissions because of plaintiff's failure to explain the basis for its responses pursuant to Fed. R. Civ. P. 36 or, in the alternative, granting leave to serve two additional interrogatories seeking an explanation. (Dkt. #203.) In the second motion, Abbe seeks an order directing plaintiff Kuryakyn Holdings, Incorporated, to respond to Interrogatory No. 23, requesting sales data for specific product categories. (Dkt. #225.) For the reasons that follow, the court will deny both motions.

I.  **Motion to Deem Requests for Admissions Admitted**

In Requests for Admission Nos. 24-27, Abbe essentially asks Kuryakyn to affirm or deny that it has <u>no</u> knowledge of any written or oral contract with Abbe or Just In Time Distribution Company ("JIT") restricting Abbe's or JIT's ability to work for other companies with respect to product designs "<u>other</u> than '*Independently JIT-conceived and develop[ed] JIT Motorcycle Accessory design.*'" (Dkt. #203-1 at 2-3 (emphasis in original).) In Requests for Admissions Nos. 28 and 29, Abbe asks Kurykyn to affirm or deny that it has <u>no</u> knowledge of Abbe or JIT failing to offer "any '*Independently JIT-conceived and develop[ed] JIT Motorcycle Accessory design*'" to Kuryaykn "as a negotiable right of first refusal." (*Id*. at 3 (emphasis in original).) Kuryakyn denied all of these requests for admission without qualification.

Nevertheless, Abbe contends that this response was in violation of Fed. R. Civ. 36(a)(4) because Kuryakyn denies these requests "without any explanation as the Rule requires." (Abbe's Mot. (dkt. #203) 3.) From Abbe's perspective, "[e]ither Kuryakyn knows of some other written agreement which it has never disclosed -- and has therefore been hiding from discovery -- or its flat-out denial of these requests is not in good faith." (*Id.*)

As Kuryakyn points out, however, Rule 36(a)(4) only requires that "[a] denial must fairly respond to the substance of the matter." Contrary to Abbe's position, Kuryakyn need not provide additional explanation unless it could only admit or deny certain parts of the request posed or otherwise qualified its response. Kuryakyn does none of those things; rather it flatly denies each request.

2

Abbe also fails to demonstrate that Kuryakyn's flat denials are in bad faith. To the extent Abbe wanted additional information about Kuryakyn's knowledge of a contract between itself and Abbe or Kuryakyn's knowledge about Abbe's breach of that contract by failing to provide Kuryakyn a right of first refusal, Abbe should have posed interrogatories. 8B C. Wright, Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 2253 pp. 324-325 (2010 ed.) ("Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness. . . . A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36.")

Indeed, Abbe did pose Interrogatory Nos. 26-27, which relate to the Requests for Admission at issue here. Specifically, these interrogatories requests information relating to contractual duties or other obligations of Abbe to refrain from working with other companies. The court previously granted Abbe leave to serve these interrogatories and the court finds no reason to extend leave for Abbe to ask additional, largely repetitive, interrogatories, especially in light of Kuryakyn's compliance with Rule 36 in answering Requests for Admission Nos. 24-29. If, as Abbe maintains, Kuryakyn's unqualified denials are contradicted by its failure to disclose in response to other discovery any evidence of other oral or written contracts or failures to offer a right of first refusal to defined technology, that is properly raised in a motion *in limine*, proof at trial, and/or impeachment. Accordingly, the court will deny Abbe's motion to deem admitted or for an order granting leave to serve additional interrogatories.

**II. Motion to Compel Further Answers to Interrogatory No. 23**

Discovery closed in this case on October 11, 2013. Trial is less than three weeks away. On October 15, 2013, Abbe filed yet another motion to compel, contending that Kuryakyn's production of sales data on May 31, 2013, and June 4, 2013, is incomplete. (Dkt. #225.) The court need not wade into the merits of this motion to find more than sufficient reason to deny it: (1) discovery has closed; (2) Abbe sat on this alleged omission for several months; and (3) according to Kuryakyn, Abbe failed to meet and confer with it before filing this motion. At this point, both sides will need to rely on the discovery they timely pursued and completed, as well as live with the consequences of their responses for good or ill.

ORDER

IT IS ORDERED that:

1) Defendant and counterclaimant David C. Abbe's motion to deem admitted requests for admission or in the alternative to serve additional interrogatories (dkt. #203) is DENIED; and

2) Abbe's motion to compel further answers to Interrogatory No. 23 (dkt. #225) is also DENIED.

Entered this 1st day of November, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge