IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KURYAKYN HOLDINGS, INCORPORATED,

                Plaintiff,

   v.

JUST IN TIME DISTRIBUTION COMPANY,          OPINION AND ORDER
DAVID C. ABBE,

                Defendants,                09-cv-702-wmc

DAVID C. ABBE,

                Counterclaimant,

   v.

KURYAKYN HOLDINGS, INCORPORATED,
MOTORSPORT AFTERMARKET GROUP, INC.,
TOM RUDD, and TOM ELLSWORTH,

                Counterclaim Defendants.

---

The court will hold a final pretrial conference on Tuesday, November 12, 2013, in anticipation of the start of trial on Monday, November 18, 2013. In advance of the hearing, the court issues the following opinion and order, which addresses: (1) Abbe's offer of proof (dkt. #204); (2) the parties' motions in limine (dkt. ##215, 217, 219, 212); (3) Kuryakyn's motion to strike Abbe's expert's third report (dkt. #248) and Abbe's related motion for leave to submit updated expert report (dkt. #322); and (4) Kuryakyn's objection to Abbe's submission of an expert narrative for himself.

## I.  Abbe's Offer of Proof

Abbe submits an offer of proof of post-2009 damages based on Kuryakyn's 2013 catalogs. (Dkt. #204.)   Abbe argues that the court allowed him to show that 56 of Kuryakyn's 2009 part numbers "used" his designs.  Abbe explains that he conducted the same analysis with respect to the 2013 catalogs, creating a list of 132 products (or more, depending on which list).   He argues, "[t]here is no difference, either in logic or in law, between Mr. Abbe's <u>accepted</u> proofs of royalties due on the 56 parts of his Counterclaim Exhibit 2 and his <u>rejected</u> proofs of royalties due as to the additional parts detailed in his proposed Trial Exhibit 58 (not admitted)."  Abbe also proposes a new Exhibit 66 which categorizes the longer list of products which allegedly use his designs (Groups A-F).  In response, Kuryakyn argues that Abbe failed to come forward with this analysis in response to summary judgment, and that the court should deny this offer of proof for the same reasons as it denied Abbe's motion to reconsider the order excluding Exhibit 58 and trial testimony concerning Exhibit 58.

The problem with Abbe's repeated attempts to expand his claims is that it comes far too late.  Abbe was required to put forth his evidence of a breach of contract at summary judgment as already explained in the court's earlier opinions (1) excluding Exhibit 58, (2) denying Abbe's motion to reconsider that decision, and (3) granting summary judgment in part to Kuryakyn.  (Dkt. ##187, 196, 206.)   Specifically, the court found that Abbe submitted sufficient evidence -- in the form of Exhibit 57 (which was also attached to his counterclaim) -- to support his claim that Kuryakyn breached its contract to pay him royalties, but that proof supported only the 56 products listed in

Exhibit 57.  Because Abbe failed at that time to substantiate his claim as to a longer list of products, his counterclaim was allowed to go forward only as to that shorter list. Whether or not Abbe's latest attempt, Exhibit 66, now satisfies the same standard of proof is immaterial to its admission.  It is simply too late to expand his claims.  Abbe had his chance to "put up or shut up" on summary judgment and is now limited to what he said and did not say.  Accordingly, the court will deny his offer of proof and will exclude Exhibit 66 as untimely.[1]

## II. Motions in Limine

### A. Kuryakyn's Motions in Limine

#### i. MIL to preclude Abbe from testifying live, or, in the alternative, to assess costs and fees (dkt. #214)

Because of his ill health, this court allowed Abbe to initiate and Kuryakyn to participate in a formal proceeding before this court, preserving by video Abbe's sworn testimony for trial.  Plaintiff argues that allowing Abbe to testify live at trial would constitute a "do-over," with the benefit of seeing plaintiff's cross-examination and the rulings from the court.  Kuryakyn contends that Abbe should be stuck with the trial testimony preserved at his request.  In support, Kuryakyn cites Rule 403 and Rule 611, providing that the court should exercise reasonable control over the mode of examining

---

[1] To the extent some of the "newest" products for 2013 are *truly* that, rather than mere continuation of products allegedly using Abbe's designs before May 22, 2013 (the date of Abbe's deposition and, in the court's view, a reasonable demarcation for purposes of this case), then *perhaps* Abbe would have a claim in some future lawsuit for that breach, but anything else should have been timely produced in this litigation and is, therefore, barred from future claims.

witnesses.  If the court denies plaintiff's request, Kuryakyn alternatively requests that the court order Abbe to reimburse plaintiff for costs and fees expended in conducting Abbe's earlier trial testimony.

Abbe responds that the court's grant of his motion to perpetuate his testimony did not bar him from testifying live, but only to allow this testimony to function as a substitute for trial testimony should he be unable to travel to Madison at the time of trial for health reasons.  Abbe also argues that Kuryakyn is free to use his trial testimony, as well as his earlier deposition, in cross-examination to impeach.  Moreover, Abbe points out that his early trial testimony cuts both ways -- while it may have provided a preview of Kuryakyn's cross-examination, it also disclosed his basic trial testimony and evidence. Finally, Abbe contends that any shifting of costs would be "heartless" given Kuryakyn's challenge to Abbe's bankruptcy petition.

The court will deny plaintiff's motion to bar Abbe from testifying live.  The court allowed Abbe to preserve his testimony in light of his then documented, failing health, Given his documented improvement (or at least stabilization) in health and corresponding ability to travel to Madison later this month, the court will not preclude him from testifying at the trial.  At the same time, Kuryakyn may use both his testimony at his deposition and the testimony provided before the court for cross-examination to impeach Abbe.  In addition, since both are statements of a party opponent, they are separately admissible if offered in a reasonable, discrete format.  Finally, the court will

4

deny an award of fees and costs given that Abbe has provided proof of his medical condition both at the time of his motion to preserve testimony and now.[2]

### ii. MIL to exclude evidence related to Abbe's personal information (dkt. #217)

Plaintiff seeks an order excluding testimony and evidence "to garner sympathy from the jury based on his financial predicament and his health condition."  (Pl.'s Br. (dkt. #218) 1.)   Kuryakyn contends that such evidence is irrelevant and unfairly prejudicial.  Abbe responds that he has no intention to bring these facts to the jury's attention, agreeing that they are irrelevant.  Abbe, however, acknowledged that he did submit two proposed trial exhibits which are letters from his physician, but only intends to offer them if Kuryakyn were to open the door.  Accordingly, plaintiff's motion is granted as unopposed and these exhibits are excluded unless plaintiff opens the door.

### iii. MIL to preclude Abbe from providing exhibits, testimony and expert testimony regarding damages (dkt. #219)

Next, Kuryakyn seeks on order precluding Abbe from offering any evidence in support of his damages claim.  The court addressed much of Kuryakyn's current motion in its summary judgment decision.  (Dkt. #206 at 9-10.)  Accordingly, the court will only address the aspects of this motion which were not previously addressed: (1) Kuryakyn's

---

[2] Even if the court were inclined to award fees or costs, Kuryakyn failed to provide proof of the actual fees and costs it incurred (*i.e.*, paid for) because of its counsel's participation in preserving Abbe's testimony.

challenge to Abbe testifying as an expert; and (2) Kuryakyn's challenge to Abbe's expert Dianne Chinn's second amended report.

*First*, Kuryakyn challenges Abbe as an expert witness for damages on several bases: (1) Abbe has no specialized training or knowledge in the area of accounting or finance; and (2) Abbe failed to perform any damages calculations and has no personal knowledge regarding the estimates on which he relied in estimating damages.  In response, Abbe simply argues that he is qualified to testify as to which Kuryakyn parts "use" his design; Abbe does not argue that he is qualified as an expert with regard to any damage testimony.  Accordingly, the court will grant Kuryakyn's motion to bar Abbe from testifying as an expert with respect to damages as unopposed.  Abbe, of course, may offer damage testimony as a fact witness based on matters for which he has lay knowledge or experience.

*Second*, Kuryakyn challenges Abbe's expert's supplemental report on several bases: (1) Table E (concerning "future damages") estimates damages beyond that allowed by the court's summary judgment decision and fails to provide a sufficient basis for certain assumptions underlying the future damages analysis (*see* dkt. #220 at pp.27-28); (2) Table A does not relate to the alleged 10% unit discount; and (3) prejudgment interest in Table D should be determined as a matter of law.[3]  Accordingly, Kuryakyn contends that Abbe should be limited to presenting new Tables B1 and B2.

---

[3] Kuryakyn also argues that the initial damages report should be excluded in its entirety. The court will not admit either side's expert reports because they constitute hearsay. Further, any damages testimony must be consistent with both (1) the limits placed on Abbe's theory of liability by the court at summary judgment *and* (2) the scope of the Rule 26(a)(2)(B) written disclosure.

In response, Abbe contends that Chinn's report (Revision 2) is not based on excluded Exhibit 58 and is otherwise consistent with the court's summary judgment opinion.[4]  As for whether certain assumptions in her analysis lack a proper foundation, Abbe contends that this is a matter for cross examination.

The court will grant this motion in part and reserve it in part.  Chinn's Revision 2 report appears to respond to the court's summary judgment decision and in it she appropriately limits her analysis to damages on products for which Abbe is allowed to proceed.  As to Kuryakyn's contention that certain assumptions in the future damages analysis lack a proper foundation, the court would normally agree with Abbe that these challenges are a proper subject for cross-examination but not a basis to strike her testimony.  Here, however, the specific issues raised by Kuryakyn highlight a larger concern:  whether future damages should be awarded at all or whether an injunction requiring Kuryakyn to simply pay any royalties due under the contract going forward would be a more appropriate remedy.  Under Wisconsin law, "[w]here a defendant's wrong threatens a plaintiff with the loss of business and the amount of the plaintiff's future damages are difficult or impossible to ascertain, . . . an injunction is an appropriate remedy." *Am. Mut. Liability Ins. Co. v. Fisher*, 58 Wis. 2d 299, 306, 206 N.W.2d 152, 156 (Wis. 1973).

In light of the uncertainty surrounding Abbe's claim to future damages, the court is inclined to enter an injunction to address future relief.  As such, the court will reserve

---

[4] Revision 2 of Chinn's report (or the "Third Report") is dated October 25, 2013, and postdates Kuryakyn's motion in limine filed on October 18, 2013.  The court addresses Kuryakyn's motion to strike this Third Report below.

on Kuryakyn's challenge to Chinn's testimony concerning future damages and will take this up at the final pretrial conference.

Finally, however, the court will grant Kuryakyn's motion to exclude testimony about prejudgment interest. Whether Abbe is entitled to prejudgment interest in the amount of 5% per annum pursuant to Wis. Stat. § 138.04 is an issue of law for the court to determine. *See Murray v. Holiday Rambler, Inc.*, 83 Wis. 2d 406, 438, 265 N.W.2d 513, 529 (1978) ("We conclude that the determination of prejudgment interest is a question of law and that it was error to submit this issue to the jury.").

### B. Abbe's Motions in Limine

Abbe renews the motions he submitted before his own trial testimony was preserved: (1) motion to exclude Kuryakyn's expert Brad Palmer; and (2) motion to bar any implications that Abbe's work for Harley-Davidson violated his agreement. (Dkt. #212) Abbe offers no new argument or basis for granting these motions. Accordingly, the court denies the motions for the reasons previously provided. (7/10/13 Order (dkt. #181).)

## III. Chinn's Third Report

Kuryakyn filed a motion to strike Chinn's October 25, 2013, on the basis that it is untimely and that Kuryakyn would be prejudiced by the untimely report. (Dkt. #248.) If the court denies the motion to strike, Kuryakyn requests a 90-day extension of the trial. In response, Abbe contends that Chinn's report simply responds to the court's

summary judgment decision and removes products from the damages calculations disallowed because of the court's opinion.  As such, Abbe argues that the supplement is contemplated, indeed is required, by Rule 26.

The court agrees with Abbe that a supplement addressing the court's summary judgment opinion is appropriate.  While Chinn could have responded to the court's preliminary summary judgment ruling, the court will not fault Abbe for his delay in waiting for the court's definitive ruling, especially since the report appears, for the most part, to respond appropriately to that decision.  While some of the calculations have shifted, Kuryakyn has failed to point to any *new* opinions that could have been included in the original report or timely supplement.[5]  On the contrary, Kuryakyn points out that Chinn cites to the same sales information in the third report (Revision 2) as she did in her second.  The court sees no reason why this third report would require the extreme measures Kuryakyn posits and certainly no reason to continue this trial.  Accordingly, Kuryakyn's motion to strike is denied and Abbe's corresponding motion for leave to submit updated expert report is granted.

---

[5] Table B in the third report -- calculating historical damages at $498,397 -- appears to simply consolidate Tables B1 and B2 in her second report -- with a combined amount of $638,231.  Table C in the third report requests prejudgment interest in the amount of $102,561, compared to Table D in the second report, which requested prejudgment interest $101,909.  This slight increase appears immaterial, especially in light of the court's decision that prejudgment interest is an issue of law for the court to decide. Lastly, any changes to future damages in Table D in the third report (previously Table E in the second report) will be mooted if the court decides to address any question of future relief by means of an injunction.

## IV.  Abbe's Submission of Expert Narrative

Kuryakyn objects to Abbe testifying as an expert witness because he failed to comply with Federal Rule of Civil Procedure 26(a)(2)(C):  Abbe was not disclosed as an expert and his disclosure was not accompanied by a summary of the subject matter, facts and opinion to which he "is expected to testify."  Likely recognizing that his proposed expert narrative would be met with an objection, Abbe included a citation to *United States v. King-Vassel*, No. 12-3671 (7th Cir. Aug. 28, 2013), and a copy of the opinion with his proposed expert narrative.  Abbe offers no explanation, however, as to why the Seventh Circuit's recent opinion would excuse his failure to comply with Rule 26, nor can the court find an excuse.  In *King-Vassel*, the Seventh Circuit took issue with the district court's grant of summary judgment because of a failure to put forth expert testimony at that time.  *Id.* at *20.  Still, while the court vacated the summary judgment decision, the court explained that "the district court remains free to apply its reasoning in a more specific manner on remand . . . [since] Watson did not name any experts by the court's deadline."  *Id.*  Since there is no excuse for Abbe ignoring his Rule 26 obligations, the court sustains Kuryakyn's objection and will neither read the proposed expert narrative for Abbe nor otherwise identify him as an expert witness.

## ORDER

IT IS ORDERED that:

1) defendant and counterclaimant David C. Abbe's offer of proof (dkt. #204) is DENIED, and proffered Exhibit 66 is EXCLUDED;

2) plaintiff Kuryakyn Holdings, Incorporated' motion in limine to preclude Abbe from testifying live, or, in the alternative, to assess costs and fees (dkt. #214) is DENIED;

3) plaintiff's motion in limine to exclude evidence related to Abbe's personal information (dkt. #217) is GRANTED as unopposed;

4) plaintiff's motion in limine to preclude Abbe from providing exhibits, testimony and expert testimony regarding damages (dkt. #219) is GRANTED with respect to (a) any evidence or testimony about prejudgment interest and (b) any reference to Abbe being an expert witness with respect to damages, RESERVED with respect to Abbe's evidence of future damages, and DENIED in all other respects;

5) defendant and counterclaimant's renewed motions in limine (dkt. #212) are DENIED;

6) plaintiff's motion to strike Abbe's expert Dianna Chinn's third report / revision 2 (dkt. #248) is DENIED;

7) defendant and counterclaimant's motion for leave to submit updated expert report (dkt. #322) is GRANTED; and

8) plaintiff's objection to Abbe's proposed expert narrative is SUSTAINED.

Entered this 12th day of November, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

11